No. 23-3740

# In The United States Court of Appeals for the Sixth Circuit

John and Jane Doe No. 1, et al.,
*Plaintiffs-Appellants*

v.

Bethel Local School District Board of Education, et al.,
*Defendants-Appellees*

On Appeal from the United States District Court for the Southern District of Ohio
No. 3:22-cv-337, Hon. Michael J. Newman

## SUPPLEMENTAL BRIEF OF PLAINTIFFS-APPELLANTS

Nicholas Barry
America First
Legal Foundation
611 Pennsylvania Ave., SE #231
Washington, DC 20003
615.431.3903
nicholas.barry@aflegal.org

Benjamin M. Flowers
*Counsel of Record*
Joseph P. Ashbrook
Julie E. Byrne
Ashbrook Byrne
Kresge Flowers LLC
P.O. Box 8248
Cincinnati, Ohio 45249
513.201.5775
bflowers@ashbrookbk.com

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Background .............................................................................................................1

Argument................................................................................................................. 2

    I.      SB 104 does not moot the plaintiffs' request for prospective relief. ........... 4

          A.      SB 104 will face legal challenges and thus moots nothing. ................... 4

          B.      The defendants have neither identified nor introduced evidence supporting their mootness arguments. ...............................................5

    II.     The absence of transgender students does not moot this case or otherwise prevent the plaintiffs from seeking relief..................................................... 8

    III.   The Court should leave any mootness issues for the District Court to address on remand. ..................................................................................... 9

Conclusion..............................................................................................................10

Certificate of Compliance ..................................................................................... 11

Certificate of Service..............................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Collins*,
  529 F. App'x 576 (6th Cir. 2013)..................................................................7

*Banas v. Dempsey*,
  742 F.2d 277 (1984) .......................................................................................7

*Bullington v. Bedford Cnty.*,
  905 F.3d 467 (6th Cir. 2018) ........................................................................5

*Campbell-Ewald Co. v. Gomez*,
  577 U.S. 153 (2006)........................................................................................3

*Cardinal Chem. Co. v. Morton Int'l, Inc.*,
  508 U.S. 83 (1993)....................................................................................3, 4

*Dodds v. U.S. Department of Education*,
  845 F.3d 217 (6th Cir. 2015) (*per curiam*)............................................6

*Ermold v. Davis*,
  855 F.3d 715 (6th Cir. 2017) ................................................................. 1, 3

*Lackey v. Stinnie*,
  145 S. Ct. 659 (2025)......................................................................................8

*Ohio v. EPA*,
  969 F.3d 306 (6th Cir. 2020) ................................................................. 4, 5

*SFFA v. Harvard*,
  600 U.S. 181 (2023) .......................................................................................3

*Sherwood v. TVA*,
  842 F.3d 400 (6th Cir. 2016)........................................................................4

*Speech First, Inc. v. Schlissel*,
  939 F.3d 756 (6th Cir. 2019)..............................................................1, 2, 4, 7

*Veneklase v. Bridgewater Condos, L.C.*,
    670 F.3d 705 (6th Cir. 2012) .............................................................................. 10

**Statutes**

28 U.S.C. §1367(c)(3) ............................................................................................ 9, 10

R.C. 3319.90(B) ...........................................................................................................2

**Other Authorities**

@acluohio, X.com (Feb. 26, 2025) .............................................................................4

This case presents a challenge to a bathroom policy in the Bethel Local School District. Bethel says that legal and factual changes gave the plaintiffs all the prospective relief they wanted, mooting the plaintiffs' request for injunctive and declaratory relief. But Bethel, which bears the burden of proving mootness, has not identified or produced any *evidence* that the policy's effects have been "completely and irrevocably eradicated." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019) (quotation omitted). As such, it has failed to establish mootness. *Id.* In any event, the plaintiffs sought damages in connection with *every* claim on appeal. Compl., R.1, PageID#26. The request for retrospective relief in the form of monetary damages is very much alive, *Ermold v. Davis*, 855 F.3d 715, 719 (6th Cir. 2017), and Bethel does not argue otherwise. Thus, none of the plaintiffs' claims could be dismissed on mootness grounds *even if* their request for prospective relief were moot.

## BACKGROUND

As a refresher, the challenged policy permits transgender students to use restrooms designated for students of the opposite sex. Bethel adopted the policy because counsel advised that Title IX required the policy. The plaintiffs—a group of students and parents—sued. They raised two categories of claims relevant here. *First*, they alleged that Bethel's policy violated (1) the free-exercise protections in the First Amendment and the Ohio Constitution and (2) the fundamental right to direct the education and upbringing of one's children. *Second*, the plaintiffs sought to establish that Title IX does not require (and in fact prohibits) the challenged policy.

Critically, the plaintiffs sought "damages in an amount to be determined at trial" in connection with both categories of claims. Compl., R.1, PageID#26. Their

1

entitlement to that relief is not at issue on appeal. The plaintiffs also sought prospective relief: injunctive and declaratory relief relating to the constitutional claims, and declaratory relief in connection with the Title IX claim. *Id*, PageID#24–26.

The District Court rejected the plaintiffs' arguments at the pleading stage. *First*, with respect to the *federal* free-exercise and parental-rights claims, the court entered judgment on the pleadings under Rule 12(c). *Second*, it dismissed the Title IX claim for lack of Article III jurisdiction, reasoning that the plaintiffs lacked standing to sue. *Finally*, because no federal claims remained, the District Court declined to exercise supplemental jurisdiction over the state free-exercise claim.

About a month after this Court heard oral argument, Ohio's General Assembly enacted "SB 104." That bill, which took effect in February, requires schools to designate sex-specific restrooms for students, locker rooms, and showers. It bars schools from making exceptions for transgender students. *See* R.C. 3319.90(B).

After SB 104 took effect, this Court requested supplemental briefing. Bethel's supplemental brief argues that SB 104, a change to district policy, and the absence of transgender students in the district moots any request for prospective relief. Bethel does not argue that the plaintiffs' request for monetary relief is moot.

## ARGUMENT

Begin with three preliminary matters.

*First*, a word on mootness. Article III of the Constitution empowers the courts to exercise the "judicial Power" only in "Cases" and "Controversies." A case or controversy requires at least one party with standing. And standing requires at least one plaintiff who has "(1) suffered an injury in fact, (2) that is fairly traceable to the

2

challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *SFFA v. Harvard*, 600 U.S. 181, 199 (2023) (quotation omitted). These are continuing requirements; Article III requires that "an actual controversy … be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2006) (quotation omitted). If intervening events deprive plaintiffs of standing, the case is "moot" and the court loses jurisdiction. *Id.* at 160–61.

*Second*, the questions posed by the supplemental-briefing order relate *exclusively* to the mootness of the plaintiffs' request for declaratory and injunctive relief. Bethel never disputes, and so silently concedes, that the plaintiffs' request for damages is *not* moot. Correctly so. When a plaintiff seeks damages for injuries suffered because of an unlawful policy, the cessation of that policy will not moot its claim. *Ermold*, 855 F.3d at 719–20. Here, the plaintiffs sought damages in connection with *all* of the claims at issue on appeal. Compl., R.1, PageID#26. As such, Bethel does seriously argue that any of the plaintiffs' *claims* are moot. This means the Court may not dismiss the appeal on mootness grounds—at most, it could deem moot the plaintiffs' request for prospective relief. But there is no need to do so, because this appeal does not present any questions regarding the relief to which the plaintiffs are entitled.

*Finally*, Bethel bears the burden of proving mootness. Although "the initial burden of establishing the trial court's jurisdiction rests on the party invoking that jurisdiction, once that burden has been met courts are entitled to presume, absent further information, that jurisdiction continues." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). "If a party to an appeal suggests that the controversy

3

has, since the rendering of judgment below, become moot, that party bears the burden of coming forward with the subsequent events that have produced that alleged result." *Id.* That burden is especially "heavy," *Speech First*, 939 F.3d at 767 (quotation omitted), when "a defendant claims that its voluntary cessation of the challenged activity moots a case." *Sherwood v. TVA*, 842 F.3d 400, 405 (6th Cir. 2016). In such circumstances, the defendant must show that "[1] there is no reasonable expectation that the alleged violation will recur, and [2] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Speech First*, 939 F.3d at 767 (quotations omitted). Bethel has not carried that burden.

## I. SB 104 does not moot the plaintiffs' request for prospective relief.

Ohio recently enacted SB 104, which requires school districts to offer only sex-segregated communal restrooms. Bethel says this law gives the plaintiffs all the prospective relief they seek and thus moots any request for such relief. Bethel is wrong.

### A. SB 104 will face legal challenges and thus moots nothing.

SB 104 just recently took effect and will inevitably face court challenges. Indeed, the ACLU of Ohio, which filed an *amicus* brief supporting Bethel, announced that it is "monitoring implementation [of SB 104] for potential litigation." @acluohio, X.com (Feb. 26, 2025), https://perma.cc/A6UU-5ZMG. If one litigant finds one court to enjoin SB 104, any relief the law confers on the plaintiffs would disappear.

Under circuit precedent, cases are not mooted by laws that might plausibly be enjoined. *Ohio v. EPA*, 969 F.3d 306, 310 (6th Cir. 2020). Just so here. There is a fair prospect that groups like the ACLU will find a sympathetic court and obtain a

statewide injunction of SB 104. That prospect keeps SB 104 from mooting anything about this case. (The same is true of the prospect that a future administration will, as the Biden Administration did, interpret Title IX to require allowing transgender students to use restrooms set aside for the opposite sex—Bethel has introduced no evidence that it would ignore such regulations, and the fair prospect of this future regulatory change independently defeats mootness. *Cf. id.*)

> **B.** **The defendants have neither identified nor introduced evidence supporting their mootness arguments.**

**1.** Even if SB 104 were not at risk of being enjoined, the law cannot moot the plaintiffs' requests for injunctive and declaratory relief because Bethel has neither identified nor introduced *evidence* showing that it adheres to SB 104. Its supplemental brief is unaccompanied by any relevant record cites, affidavits, or references to judicially noticeable legal changes aside from SB 104 itself. Instead, Bethel nakedly asserts, in an unsworn brief, that it changed its bathroom policy in 2023—long before SB 104's enactment, which means the supposed change was not a reaction to SB 104.

The absence of evidence is dispositive. This case is still at the pleading stage. Thus, the Court must "construe the Plaintiffs' complaint in the light most favorable to them, and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the Plaintiffs." *Bullington v. Bedford Cnty.*, 905 F.3d 467, 469 (6th Cir. 2018) (quotation omitted). The *pleadings* do not allege or establish that Bethel abandoned the challenged policy or follows SB 104. And Bethel has neither offered nor identified *evidence* on these points. Bethel thus failed to carry its burden of proving mootness.

**2.** While Bethel identifies no evidence to support an inference that it complies with SB 104, the record *does* contain evidence that Bethel will refuse to comply. Remember, Bethel adopted the challenged policy because counsel advised it that Title IX *required* the challenged policy. Bethel has suggested that this federal law binds it and preempts any contrary state law. *See, e.g.*, Corrected Br. of Defendants-Appellees at 5–7, 26. And it has further argued (albeit incorrectly) that this Court endorsed Bethel's interpretation of Title IX in *Dodds v. U.S. Department of Education*, 845 F.3d 217 (6th Cir. 2015) (*per curiam*). *Id.* at 5, 13, 31. Bethel identifies no evidence that it changed its position on the meaning of Title IX or the significance of *Dodds*. If Bethel still thinks Title IX is preemptive and entitles transgender students to use opposite-sex restrooms—again, there is no evidence it thinks otherwise—it will continue adhering to the challenged policy.

The supposedly new bathroom policy creates further grounds for suspicion. Bethel claims that it now abides by the following policy, which it claims to have adopted in 2023:

> Students are expected to use District restroom facilities consistent with their biological sex. *Any request for alternative bathroom usage must be submitted to the Superintendent of Schools for approval.* Violations of this Conduct Rule may result in Suspension/Expulsion from school.

Bethel Supp. Br.3 (emphasis added). Bethel has not identified any evidence that this policy exists; its brief announces the policy's existence without even providing a citation. Beyond that, Bethel claims to have adopted this policy in 2023—long before oral argument in this case (October 2024) and the effective date of SB 104 (February 2025). And the italicized language suggests that Bethel continues to violate SB 104.

6

While SB 104 requires schools to strictly segregate communal restrooms by sex and prohibits exceptions, Bethel's policy permits transgender students to seek permission for "alternative bathroom usage"—in other words, they can seek to use communal restrooms designated for the opposite sex. At least, that is what it says; the plaintiffs have been unable to conduct discovery and Bethel identifies no evidence that the policy means anything else.

Regardless, this supposed policy is at least consistent with, and arguably just reduces to writing, the very policy from which the plaintiffs sought prospective relief. The italicized language gives Bethel unlimited discretion to make exceptions to the default rule of sex-segregated restrooms, which is what Bethel did when it adopted a policy "accommodating" transgender students. Put differently, *this* policy is consistent with the policy the plaintiffs' challenge. As such, Bethel's invocation of the new policy does not establish that Bethel "completely and irrevocably eradicated the effects of the" challenged policy. *Speech First*, 939 F.3d at 767 (quotation omitted). It follows that the plaintiffs' requests for prospective relief are not moot.

**3.** The just-discussed facts distinguish this case from the two cases on which Bethel primarily relies. In the first, *Banas v. Dempsey*, 742 F.2d 277 (1984), the plaintiffs "did not contend" that the defendants were continuing to violate their rights and "plaintiffs' counsel admitted" that this mooted the dispute on a prospective basis. *Id*. at 281. The plaintiffs in *Allen v. Collins*, 529 F. App'x 576 (6th Cir. 2013), challenged a policy that the governing authority had in fact repealed. *Id*. at 579. Here, as far as the record shows, Bethel *has not* repealed or otherwise permanently eradicated the effects of the challenged policy. Neither *Banas* nor *Allen* speaks to that situation.

7

## II. The absence of transgender students does not moot this case or otherwise prevent the plaintiffs from seeking relief.

Bethel next argues that the plaintiffs' requests for prospective relief are moot because there are no transgender students in the school district right now. For two independent reasons, the Court should reject that argument.

**1.** The presence or absence of enrolled transgender students at this time is an evidentiary issue on which Bethel has introduced no evidence. The Court cannot accept the truth of assertions Bethel makes in an unsworn brief.

**2.** More fundamentally, the absence of transgender students could not moot the request for prospective relief. Bethel is making a voluntary cessation argument; it implicitly argues that, insofar as the challenged policy exists, the school district is not extending the policy's benefits to any current student. But "voluntary cessation of the challenged conduct does not moot an action unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025) (quotations omitted). Bethel cannot make this lofty showing. The presence or absence of transgender students is a factual happenstance that can change on a daily basis. Given the inherent fluidity of the presence of transgender students, Bethel does not and cannot dispute that there is a "reasonable expectation," *Speech First*, 939 F.3d at 767 (quotation omitted), of an enrolled student identifying as transgender and availing himself of the challenged policy.

Moreover, the challenged *policy* imposes the same harms regardless of whether transgender students happen to be present. That is because the plaintiff students may not *know* whether there are enrolled transgender students at any given time.

8

Thus, as long as the challenged policy exists, the plaintiff students always face the *risk* of sharing a restroom with someone of the opposite sex if they use a communal restroom. To avert that risk, the plaintiff students will continue avoiding communal restrooms and thus continue suffering the loss of educational benefits that doing so entails. A declaratory judgment or injunction would alleviate those injuries to the same degree regardless of whether Bethel has any enrolled transgender students.

### III. The Court should leave any mootness issues for the District Court to address on remand.

Because Bethel has neither identified nor produced any evidence to support its mootness arguments, this Court cannot deem the plaintiffs' request for prospective relief moot. At most, it can remand the case to the District Court to consider mootness in the first instance. But the Court should do so only if it first resolves the issues on appeal. After all, if the Court remands without first deciding whether the District Court erroneously dismissed the claims on appeal, the District Court might again dismiss those claims for the same reason without reaching the question whether any request for prospective relief is moot.

Further, *even if* this Court affirms the District Court's merits-based dismissal of the plaintiffs' *federal* constitutional claims, it must reverse and remand the District Court's dismissal of the *state* free-exercise claim as long as it remands for a mootness finding in connection with the Title IX claim. Recall that the District Court did not dismiss the state free-exercise claim; instead, it refused to assert supplemental jurisdiction over that claim under 28 U.S.C. §1367(c)(3), which empowers a district court to refuse supplemental jurisdiction after "dismiss[ing] all claims over which it has

9

original jurisdiction." When this Court reverses a district court's dismissal of federal claims in cases where the district court declined jurisdiction under 28 U.S.C. §1367(c)(3), it must also reverse the lower court's refusal to exercise supplemental jurisdiction. *See Veneklase v. Bridgewater Condos, L.C.*, 670 F.3d 705, 716 (6th Cir. 2012). Thus, if the Court finds that the District Court erred in dismissing the Title IX claim for lack of Article III standing and remands for a mootness determination, it must also reverse and remand the refusal to exercise jurisdiction under §1367(c)(3).

\* \* \*

A final point. Bethel observes in an aside that "the Board Members named in the suit are no longer serving on the board of education." Supp. Br.3. That does not affect the Court's ability to resolve this appeal, as the plaintiffs explained already. *See* Reply Br. of Plaintiffs-Appellants at 21–22.

## CONCLUSION

All of the claims on appeal continue to present a live controversy.

| | |
|---|---|
| April 17, 2025 | */s/ Benjamin M. Flowers* |
| | Benjamin M. Flowers |
| | *Counsel of Record* |
| Nicholas Barry | Joseph P. Ashbrook |
| America First | Julie E. Byrne |
| Legal Foundation | Ashbrook Byrne |
| 611 Pennsylvania Ave., SE #231 | Kresge Flowers LLC |
| Washington, DC 20003 | P.O. Box 8248 |
| 615.431.3903 | Cincinnati, Ohio 45249 |
| nicholas.barry@aflegal.org | 513.201.5775 |
| | bflowers@ashbrookbk.com |

*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE

I certify that this document complies with the page limits set forth in this Court's March 31 order.

I further certify that this supplemental brief complies with the typeface requirements of Federal Rule 32(a)(5) and the type-style requirements of Federal Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity font.

*/s/ Benjamin M. Flowers*
Benjamin M. Flowers

# CERTIFICATE OF SERVICE

I certify that on April 17, 2025, I filed this supplemental brief electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties for whom counsel has entered an appearance. Parties may access this filing through the Court's system.

*/s/ Benjamin M. Flowers*
Benjamin M. Flowers
