**Case No. 23-3740**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

**JOHN AND JANE DOE NO. 1, et al.,**

*Plaintiffs-Appellants,*

v.

**BETHEL LOCAL SCHOOL DISTRICT BOARD OF
EDUCATION, et al.,**

*Defendants-Appellees*

---

On Appeal from the United States District Court for
the Southern District of Ohio
Dayton Division, No. 3:22-cv-00337

---

**REPLY IN SUPPORT
SUPPLEMENTAL BRIEF**

---

Taylor C. Knight (0089531)
REMINGER CO., L.P.A.
One SeaGate, Suite 1600
Toledo, Ohio 43604
Phone: (419) 254-1311
Fax: (419) 243-7830
E-Mail: tknight@reminger.com

John A. Podgurski (0020923)
Law Offices of John A. Podgurski
9155 Chillicothe Road
Kirtland, OH 44094
Phone: (440) 256-2990
Email: JP@johnpodgurski.com

*Counsel for Defendants-Appellees*

### A. SB 104 moots injunctive and declaratory relief.

Appellants asked the Court to declare that Bethel violated their rights "by refusing to provide separate communal intimate facilities for members of the opposite biological sex while providing communal intimate facilities based on gender identity for transgender students[,]" and to issue preliminary and permanent injunctive relief to prevent future similar policies. (Complaint, at PageID # 24-25, A-G).

That is exactly what SB 104 provides:

> No school shall permit a member of the female biological sex to use a student restroom, locker room, changing room, or shower room that has been designated by the school for the exclusive use of the male biological sex.

O.R.C. § 3319.90 (mirrored section discussing female restrooms omitted); *see also* subsection (A)(1) (defining biological sex). Appellants falsely attempt to distinguish their claims from *Banas* and *Allen*, "contending Bethel has not repealed or otherwise permanently eradicated the effects of the challenged policy." (Doc. 61, at 11). That argument fails.

*First,* through O.R.C. § 3319.90, Ohio's general assembly extended the statute to all public schools, defined as: "(4) 'School' includes the following: (a) A school district or school district building[.]" *Id.* at (A)(4). And as pled, the "Board, is the school board for the Bethel Local School

1

District" and is a "public entity and political subdivision of the State of Ohio." (Complaint, at PageID # 5, ¶¶ 26-27). No different than *Banas*, "it is clear . . . that the change in [ ] law that occurred while these actions were pending rendered plaintiffs' requests for such injunctive relief moot." *Banas*, 742 F.2d at 281. Because SB 104 mandates Bethel school district to require students to use bathrooms corresponding to their biological sex (as opposed to gender identity), there is no state-action remaining for the Court to enjoin.

Appellants provide no authority to support the premise that an intervening and directly on-point statutory enactment is somehow insufficient to show state-action has ceased; a plethora of law exists to the contrary. *See Allen*; *Banas*; *Williams v. Leslie*, 28 F. App'x 387, 390 (6th Cir. 2002)("While appeals are pending, changes in law and the enforcement of law may moot some or all of a plaintiff's claims . . . Since the 1998 version of [Ohio Revised Code] § 4505.10(A) is no longer in effect, [appellant's] concern is now moot."). Like *Williams*, the enactment of an intervening statute moots the claim. No additional evidentiary considerations are necessary. To the extent the challenged "policy" existed, SB 104 eliminated it.

*Second*, Appellants misconstrue the holding of *Ohio v. United States EPA*, 969 F.3d 306, 310 (6th Cir. 2020), in support of their alternative argument that the mere prospect SB 104 could be challenged in the future is sufficient to create a "live controversy." But that case is a far better contrast than comparison. Ohio and Tennessee challenged a 2015 Rule promulgated by the U.S. EPA. While pending, the rule was repealed, and a 2019 Rule was issued. But importantly— the 2019 Rule was challenged in 15 active-pending lawsuits in federal courts around the country. If one court enjoined the 2019 Rule, the 2015 Rule would again take effect. *Id.* at 310 (Because of "the pendency of 15 cases challenging the [Rules] . . . the 2015 Rule might again take effect nationwide.").

Compare that with this case. Appellants do not point to a single pending case which challenges SB 104. Certainly not 15 pending federal actions like *Ohio v. EPA*. The mere prospect of a future injunction in a yet-to-be (if ever) filed case is not a justiciable case or controversy "Legislative repeal or amendment of a challenged statute while a case is pending on appeal usually eliminates this requisite case-or-controversy because a statute must be analyzed by the appellate court in its present form." *Kentucky Right to Life v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997).

SB 104 resolves any controversy, mooting the claims.

### B. There is no risk of repetition.

On January 9, 2023, Defendant-Intervenor Anne Roe, the student at center of this dispute, moved to intervene as a defendant. (Doc. 13.). On August 2, 2023, Roe withdrew from this case without opposition because "[f]or the 2023-2024 academic year, Anne [was] enrolled in online classes . . . [with] no plans to attend in-person classes or activities at Bethel High School." (Doc. 93, at PageID # 1995). The Complaint lacks any allegation of other transgender students attending the district. *See* Doc. 1. That is a matter on the face of the pleadings, not an evidentiary finding.

Appellants' invocation of the "voluntary cessation doctrine" is out of place. "In a nutshell, voluntary cessation prevents a defendant from strategically mooting a claim by ending his unlawful conduct once sued and then picking up where he left off after the case is dismissed." *Am. Coll. of Pediatricians v. Becerra*, 2024 U.S. App. LEXIS 15911, *6 (6th Cir. 2024) (cleaned up). It was not Bethel that enacted SB 104, which controls and resolves this claim. Nor was it Bethel that withdrew transgender students; Anne Roe withdrew. (Doc. 13). There is no

plausible conclusion that Bethel somehow strategically acted to moot the claims. It does not control the general assembly and does not choose which students live within its district. Voluntary cessation is not at issue.

To Appellants' broader point, the absence of transgender students moots the claim. The Supreme Court held: "Although it was claimed in that case that particular members of the plaintiff class had actually suffered from the alleged unconstitutional practices, we observed that past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." *L.A. v. Lyons*, 461 U.S. 95, 102 (1983) (internal marks omitted). *Lyons* continued that "the threat to the plaintiffs was not sufficiently real . . . simply because they anticipate violating lawful criminal statutes and being tried for their offenses." *Id.* at 103 (internal marks omitted).

Like *Lyons*, that now-withdrawn Anne Roe was accommodated pre-SB 104 is not sufficiently real and immediate to show Appellants will face continuing, present adverse effects. Absent allegations of current transgender students accommodated in violation of SB 104, there is no case or controversy to warrant prospective relief.

       Respectfully submitted,

       */s/ Taylor C. Knight*
       Taylor C. Knight (0089531)
       REMINGER CO., L.P.A.
       One SeaGate, Suite 1600
       Toledo, Ohio 43604
       Phone: (419) 254-1311
       Fax: (419) 243-7830
       E-Mail: tknight@reminger.com
       *Counsel for Appellees*

## **CERTIFICATE OF SERVICE**

I, Taylor C. Knight, hereby certify that on this 24th day of April, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Sixth Circuit via the ECF system, which will send notification of such filing to all counsel of record

Dated: April 24, 2025         By: */s/ Taylor C. Knight*
                   Taylor C. Knight